UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cr-60035-BB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ELISEO DE JESUS ESPAILLAT,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court upon Defendant Eliseo De Jesus Espaillat's Motion for Compassionate Release and Request for Immediate Release in Light of COVID-19 Emergency, ECF No. [70] ("Motion"). Defendant also submitted a Notice of Filing Exhibit and Additional Information in Support of Motion for Compassionate Release, ECF No. [72] ("Notice"). The Government filed a Response in Opposition to the Motion, ECF No. [75] ("Response"), to which Defendant filed a reply, ECF No. [80] ("Reply"). The Court has reviewed the Motion, the Notice, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

**I.    BACKGROUND**

On April 12, 2019, Defendant was sentenced to 51 months' imprisonment followed by three years' supervised release and ordered to pay restitution in the amount of $1,139,357.57, following his convictions for conspiracy to commit healthcare fraud in violation of 18 U.S.C. § 1349 (Count 1) and healthcare fraud in violation of 18 U.S.C. § 1347 (Count 2). ECF Nos. [66]

and [67]. His sentence as to each count is to be served concurrently. *Id.* He is currently housed at FCI Miami. *Id.* at 2.

The Motion requests that Defendant be immediately released to home confinement in light of the current coronavirus ("COVID-19") pandemic and his "heightened susceptibility to serious illness or death as a result of the disease." ECF No. [70] at 1. In particular, he is 55 years old, in 2013 he was diagnosed with thyroid cancer and had an aneurism, in 2014 he underwent back surgery for a herniated disk and was diagnosed with sleep apnea, in 2017 he was diagnosed with prostate abnormality, he has been diagnosed with a heart murmur, and he takes various medications and supplements. *Id.* at 3. If released, Defendant intends to live with his wife in Hialeah, FL. *Id.* The Notice reflects that on June 14, 2020, the BOP informed Defendant that on April 15, 2020, he was "referred for RRC/HC" and he is "currently awaiting a placement date." ECF No. [72]. The Government opposes Defendant's request for release to home confinement. ECF No. [75].

SARS-CoV-2, the novel coronavirus, and COVID-19, the disease it causes, have spread throughout the world and are impacting every person's life. The United States is currently reporting more confirmed cases of COVID-19 and deaths as a result than any other country, with more than 3,819,000 confirmed cases and over 140,000 reported deaths as of July 21, 2020.[1] The COVID-19 pandemic poses a serious danger to society at large, and especially to at-risk inmates. In addition, COVID-19 poses a higher risk to incarcerated individuals who are unable to practice health precautions available to the general public, such as social distancing.

As a result of this dynamic, unpredictable, and unprecedented situation, Attorney General William Barr has urged the Bureau of Prisons ("BOP") to move vulnerable inmates out of

---

[1] *Cases of Coronavirus Disease (COVID-19) in the U.S.*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last updated July 21, 2020).

institutions and to home confinement, where appropriate. *See* Mem. from Attorney Gen. William Barr for Dir. of Bureau of Prisons re: Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (Apr. 3, 2020), https://www.justice.gov/file/1266661/download ("Memorandum"). The Memorandum identifies several facilities that have been particularly affected and which should be given priority in the BOP's consideration of implementing home confinement, including FCI Oakdale, FCI Danbury, and FCI Elkton. *Id.* at 1. In addition, the Attorney General has made an express finding that extant emergency conditions are materially affecting the functioning of the BOP, and directs that the BOP immediately maximize appropriate transfers to home confinement of all appropriate inmates at the specifically named facilities, and other similarly situated facilities where COVID-19 is materially affecting operations. *Id.* The Memorandum further directs the BOP to review all inmates who have COVID-19 risk factors as established by the Centers for Disease Control and Prevention ("CDC") to determine suitability for home confinement, while emphasizing the importance of protecting the public from individuals who may pose a danger to society, and recognizing the need to prevent over-burdening law enforcement with "the indiscriminate release of thousands of prisoners onto the streets without any verification that those prisoners will follow the laws when they are released . . . and that they will not return to their old ways as soon as they walk through the prison gates." *Id.* at 2-3. The Memorandum also stresses the need for careful individualized determinations regarding the propriety of releasing any given inmate and does not encourage indiscriminate release. *Id.* at 3.

**II.     DISCUSSION**

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, No. 19-12078, 2020 WL 897402, at *2 (11th Cir. Feb. 25, 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, No. 19-11691, 2020 WL 398708, at *4 (11th Cir. Jan. 23, 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

Defendant seeks relief under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), which provides:

> (c) Modification of an imposed term of imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction . . . .

4

> . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

Under the relevant Sentencing Guidelines policy statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018). The Sentencing Guidelines add that the Court should reduce a sentence only if the "defendant is not a danger to the safety of any other person or to the community." *Id.*

Accordingly,

> Section 3582 sets out the order in which this Court should analyze a criminal defendant's entitlement to a sentencing reduction. *First*, when the defendant brings the motion himself, the Court must ascertain whether he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [whether there has been a] lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(a). *Second*, the Court should "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *Id. Third*, the Court should turn to the "extraordinary and compelling reasons" test, as outlined in U.S.S.G. § 1B1.13 cmt. n.1. And *fourth*, the Court should determine whether the defendant poses a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*

*United States v. Stuyvesant*, No. 09-60184-CR, 2020 WL 1865771, at *2 (S.D. Fla. Apr. 14, 2020). Thus, in order to grant Defendant's request pursuant to § 3582(c)(1)(A), the Court must: (1) find that Defendant has exhausted his administrative remedies with the BOP; (2) weigh the relevant § 3553(a) factors; (3) conclude that extraordinary and compelling reasons warrant compassionate release in this case; and (4) determine that Defendant is not a danger to the community. Moreover,

Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

The Motion requests that Defendant be released to home confinement due to his underlying medical conditions. The Government opposes, arguing that the Motion is predicated on a "speculative prospect of an uncontained coronavirus (COVID-19) outbreak in his" BOP facility, the BOP has "already determined that home confinement is not appropriate for this defendant,"[2] the Court lacks the authority to grant Defendant's request for home confinement under 18 U.S.C. § 3624(c), Defendant has not demonstrated any "extraordinary and compelling reasons" for a sentence reduction, and the § 3553(a) factors do not support the requested relief. *See generally* ECF No. [75]. Defendant replies that FCI Miami has an outbreak of COVID-19, South Florida is the "present day epicenter of the pandemic," he disagrees with the Government's assertion that the BOP has determined that home confinement for Defendant is inappropriate, he states that he is at an "increased risk of severe illness" if he contracts COVID-19, and he is not a danger to the community. *See generally* ECF No. [80]. Thus, he requests the Court to reduce his sentence and release him to home confinement. *Id.* at 7. Upon review and consideration, the Court does not conclude that Defendant presents circumstances warranting a sentence reduction and early release.

---

[2] The Response cites to "Responses to Inmate Request to Staff, attached hereto as Exhibit A" in support of this statement. ECF No. [75] at 1. However, no exhibits were included with the Response. Additionally, the BOP's response to Defendant's June 12, 2020 "Inmate Request to Staff" states that "You [Defendant] were referred for RRC/HC on 4-15-2020. You are currently awaiting a placement date."

For purposes of analysis, although Defendant has satisfied the first inquiry in the section 3582 analysis, administrative exhaustion, he has failed to demonstrate that the applicable § 3553(a) factors weigh in favor of a sentence modification or that extraordinary and compelling circumstances exist.

The applicable § 3553(a) factors include, among others: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed — (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). At the time of sentencing, the Court concluded that a term of imprisonment of 51 months was appropriate in this case in light of these § 3553(a) considerations. To date, Defendant has served less than two years of that sentence. Moreover, aside from Defendant's medical history, which was detailed in the PSI and considered by the Court, Defendant has not shown further bases to persuade the Court that the sentence imposed should be modified based upon the factors set forth in § 3553(a). *See United States v. Post*, No. 15-cr-80055, 2020 WL 2062185, at *2 (S.D. Fla. Apr. 29, 2020) (noting "that much of the information that [the defendant] provide[d] in his Motion was before the Court at the time of his sentencing," and the Court imposed an appropriate sentence considering this information); *United States v. Zamor*, No. 17-20353-CR, 2020 WL 2062346, at *2 (S.D. Fla. Apr. 29, 2020) ("Crucially, [the defendant] has completed less than 40% of this sentence, and the applicable 18 U.S.C. § 3553(a) factors . . . do not warrant [his] release after serving less than half of his sentence."); *United States v. Rodriguez-Orejuela*, No. 03-cr-20774, 2020 WL 2050434, at *7 (S.D. Fla. Apr. 28, 2020) (noting that, in weighing the sentencing factors, "the Court's analysis is virtually unchanged from thirteen years ago.").

Additionally, with regard to the "extraordinary and compelling reasons" test, Defendant does not present circumstances that satisfy this element. CDC guidance indicates that individuals with the following health conditions are at a higher risk of contracting severe illness due to COVID-19: people with moderate to severe asthma, people with chronic lung disease, people with diabetes, people with serious heart conditions, people with chronic kidney disease, people with severe obesity, people with chronic liver disease, people who are immunocompromised, people over the age of sixty five, and people who live in a nursing home or long-term care facility.[3] Although Defendant's medical history includes cancer (fully recovered) and back surgery, Defendant, who is in his mid-fifties, fails to allege that any of his present ailments are terminal or that they substantially diminish his ability to provide self-care within the correctional facility environment. Indeed, Defendant fails to show that he has been assigned to a BOP medical facility, that he has requested outside medical assistance, or that his previous medical conditions, such as thyroid cancer, have returned. Further, Defendant's BOP records reflect that he is Care Level 2, described as stable chronic care, Care level 1 for mental health, and there are no medical restrictions imposed on him. ECF No. [77-3] at 1.

The Court is sympathetic to Defendant's health condition and his concerns regarding COVID-19 outbreaks in prison facilities. Indeed, the BOP website indicates that at FCI Miami where Defendant is incarcerated, there are presently 108 active cases involving the virus, in which 96 inmates and 12 staff have tested positive.[4] These figures are troubling. However, Defendant

---

[3] *People of Any Age with Underlying Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated July 17, 2020).

[4] *COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited July 22, 2020).

does not allege that he has been exposed to any individuals with COVID-19. Nor does he allege that his health conditions are deteriorating. Defendant also does not persuade the Court that current procedures in place or resources available at FCI Miami are insufficient to protect him and other at-risk individuals. Moreover, "the BOP Director has not found COVID-19 alone to be a basis for compassionate release." *United States v. Harris*, No. 2:12-cr-140-FtM-29DNF, 2020 WL 1969951, at *2 (M.D. Fla. Apr. 24, 2020) (citing *United States v. Eberhart*, No. 13-cr-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13.")); *see also United States v. Kelly*, No. 2:03-cr-126-FtM-29, 2020 WL 2039726, at *1 (M.D. Fla. Apr. 28, 2020) (The "defendant does not allege any extraordinary or compelling circumstances to support compassionate release."). Therefore, Defendant has not met his burden that extraordinary and compelling reasons exist to support his request for compassionate release or sentence reduction.[5]

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [70]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 23, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

---

[5] Because Defendant's Motion fails to establish any extraordinary and compelling circumstances warranting his release to home confinement, the Court does not need to address the final consideration of whether Defendant poses a danger to the safety of others or to the community under to § 3142(g).

Case No. 17-cr-60035-BB

Copies furnished to:

Counsel of record